FILED BY ___AP___ D.C.
Apr 25, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

REC'D BY ___AP___ D.C.
Apr 28, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

U.S. COURT... RECEIVED CLERK APR 25 2022 ATLANTA, GA

# UNITED STATES DISTRICT COURT
# ~~NORTHERN DISTRICT~~ OF ~~FLORIDA~~
# ELEVENTH CIRCUIT    GEORGIA
# CASE OF **FIRST** IMPRESSION

## CIVIL RIGHTS COMPLAINT FORM FOR PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983
## (b)

CHALIN MERRIHEW,

Inmate ID Number: B20636,

PLAINTIFF/CLAIMANT,
*(Write the full name and inmate ID number of the Plaintiff.)*

v.

Aileen M. Cannon,
Theodore Roodhof,
Thomas Bakkedahl,
Sherwood Bauer Jr.,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

DEFENDANTS/CARRIERS /

Case No.: PENDING ~~4:21-cv-00474-MW-MAF~~
*(To be filled in by the Clerk's Office)*
*Prior Case Reference: 2:22-cv-14091-AMC

**Jury Trial Requested?**
☑ YES   ☐ NO

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: CHALIN MERRIHEW     ID Number: B26636

List all other names by which you have been known: _____

Current Institution: Columbia Correctional Institution Annex

Address: 216 S.E. Corrections Way

Lake City, FL 32025

## B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: Aileen M. Cannon

   Official Position: District Court Federal Judge

   Employed at: U.S. District Court, Southern District

   Mailing Address: _____

   ☑ Sued in Individual Capacity     ☐ Sued in Official Capacity

1a. Defendant's Name: Theodore Roodhof

   Official Position: Assistant State Attorney of FL

   Employed at: 100 S.E. Ocean Blvd., Suite 400

   Mailing Address: Stuart, FL 34994

2. Defendant's Name: Thomas Bakkedahl

   Official Position: State Attorney of FL

   Employed at: 19th Judicial Circuit Court, Martin County

   Mailing Address: 100 S.E. Ocean Blvd., Suite 400

   Stuart, FL 34994

   ☑ Sued in Individual Capacity ☐ Sued in Official Capacity

3. Defendant's Name: Sherwood Bauer Jr.

   Official Position: Circuit Court Judge

   Employed at: 100 S.E. Ocean Blvd., 19th Jud. Cir. Court

   Mailing Address: Stuart, FL 34994

   ☑ Sued in Individual Capacity ☐ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)     ☐ State/Local Officials *(§ 1983 case)*

☑ Diversity (28 USC §1332 & 28 USC §1346(b) case)
28 CFR §14.9(a)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee     ☐ Civilly Committed Detainee

☑ Convicted State Prisoner     ☐ Convicted Federal Prisoner

☐ Immigration Detainee     ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

(1.) In 2020, Theodore Roodhof, Thomas Bakkedahl, & Sherwood Bauer Jr. breached a UCC Security Agreement & Hold Harmless Indemnity Agreement on my personal private property contrivance (at the 19th Judicial Circuit Court in Martin County, FL) through fraudulent overcharges ($1,038,173.36) & unlawfully imposing maritime venue on my "debtor" that is domiciled in extrastate, secured 1st-priority claimed jurisdiction (Nebraska/CO), as well as violating my copyright on the property. I refused acceptance of these breaches on September 11th, 2019, but was unlawfully ignored by them. (2.) My personal property can be inspected at: www.coloradosos.gov/ucc by searching file #20212097663, then click on pdfs' Exhibit A & Exhibit B under "Attachments" (or contact me & I can ship it to you directly).

(3.) In 2022, Aileen M. Cannon breached my 28 USC §1346(b) & 28 USC §1332 & 28 CFR 14 right to sue for property damage by unlawfully declaring my cognizant tort claim as "unwarranted for review" due to "unintelligible" and "gibberish" statements, on which alleged relief may "not" be granted. This occurred at →

**Statement of Facts Continued** *(Page 2 of 2)*

the U.S. Federal District Court, Southern District in Ft. Pierce, FL. Cannon alleges unrelated and incomparable caselaw to justify her violation of my federal legal right to the Federal Tort Claims Act and Title 28 CFR 14 and Diversity filing precedents. There is absolutely nothing in my complaint that is "unintelligible" or lacking in clarity:

4.) The property location was indicated for inspection. ✓

5.) The damages to the property were evidenced via estimates. ✓ (These are not "miscellaneous" damages, but are documented by the ledger and experts.)

6.) The misuse of jurisdiction was proved. ✓

7.) And yet, Mrs. Cannon declares my claim (unsubstantiated by any legal proof) as "hodgepodge" and "abusive", even though the supposed caselaws she references do not equate to my complaint. In "Brunet v. U.S.", Brunet presented no actual property, only "damage claims", and he argued no "lack of venue" evidence. Here, in my claim, I even notify Cannon that I can ship the property to her location (to show damages) and show how maritime venue was misused (by force), but she still invokes malicious or negligent judgment to dismiss and close a legitimate tort (case #22-14091), and so I file this suit pursuant to 28 CFR §14.9(a). Mrs. Cannon's quote of an 11th Circuit case does not apply to my claim, because my cause of action is not under the Uniform Commercial Code, but under 28 USC 1346(b) warranting review as a "case of first impression for property damages.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1. §910.006 (5)(b)(1.) and Article 3, Sect. 2, Clause 1 is violated by defendants, by imposing venue without the Master or Flag State's consent.
2. 18 USC §1001 is violated by Defendants by placing liens on Plaintiff's property.
3. 17 USCS §0101 is violated by Defendants by breaching my property copyright.
4. UCC 3-501 (3)(2) is violated by Defendants by denying my right to refuse their presentment(s) (Information, Affidavit, Judgment, etc.) i.e. liens on my property.
5. §843.0855 (3) is violated by Defendants by ignoring my Administrative right to settle.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims. Mrs. Cannon falsely claims my complaint seeks relief under 28 USC 1361 by referencing a prior filing which has no relation to 28 USC 1346(b) of which I invoke. I seek discharge of case# 432017CF000940A and release of debtor (as arbitration), OR reparations in property damages of $1,038,173.36 (or both). If monetary relief, the following sums can be proved by estimates or affidavit: 30K in fraud bonds, 6K in fraud liens, 120K in depreciation, 376K in loss of profits, 5K in unagreed incarceration fees, $198 in personal injury, & 500K in copyright infringement. If court needs evidence of the intangible damages, I can provide the fraudulent documents used by the Defendants. Additionally, I am seeking relief *not* under the Uniform Commercial Code, but under

§9 USC and Title 28 CFR §14.6 and Title 5 USC Ch.5 subch. 4, as well as generally 28 USC §1332 and 28 USC §1346(b). I am seeking relief in property damages exclusively, not in an underlying "criminal case" as Mrs. Cannon falsely alleges. This is a "case of first impression" under 1346(b), its facts have absolutely no relevance to the relief requested by Brunet whatsoever. My property has a right to relief under the FTCA.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII. PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☐ YES  ☐ NO  ☑ NOT SURE IF IT WOULD COUNT AS A STRIKE.

If you answered yes, identify the case number, date of dismissal and court:

1. Date:_____ Case #:_____

   Court:_____

2. Date:_____ Case #:_____

   Court:_____

3. Date:_____ Case #:_____

   Court:_____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?

☑ YES ☐ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: 2:22-cv-14091 Parties: CHALIN MERRIHEW v. THEODORE ROODHOF, THOMAS BAKKEDAHL, & SHERWOOD BAUER JR

    Court: U.S. District Court Judge: Aileen M. Cannon

    Date Filed: 11/28/21 Dismissal Date *(if not pending)*: 3/30/22

    Reason: "Failure to state a Claim"

2. Case #:_____ Parties:_____

    Court:_____ Judge:_____

    Date Filed:_____ Dismissal Date *(if not pending)*:_____

    Reason:_____

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☑ YES ☐ NO

If you answered yes, identify all lawsuits:

1. Case #: 2:21-cv-14433 Parties: CHALIN MERRIHEW v. STATE OF FLORIDA

    Court: U.S. District Court Judge: Raag Singhal

    Date Filed: 10/28/21 Dismissal Date *(if not pending)*: _____

    Reason: ―――

2. Case #: 2:21-cv-14315 Parties: CHALIN MERRIHEW v. STATE OF FLORIDA

    Court: U.S. District Court Judge: Aileen M. Cannon

    Date Filed: 8/6/21 Dismissal Date *(if not pending)*: 11/29/21

    Reason: "frivolous"

3. Case #:_____ Parties:_____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

4. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date *(if not pending)*: _____

   Reason: _____

5. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date *(if not pending)*: _____

   Reason: _____

6. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date *(if not pending)*: _____

   Reason: _____

*(Attach additional pages as necessary to list all cases. **Failure to disclose all prior cases may result in the dismissal of this case.**)*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 4/7/22 Plaintiff's Signature: *Chalin-merrihew*

Printed Name of Plaintiff: CHALIN MERRIHEW DC# B20636

Correctional Institution: COLUMBIA CORRECTIONAL INSTITUTION ANNEX

Address: 216 S.E. Corrections Way

Lake City, FL 32025

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

the prison's mail system for mailing on the 27th day of April,
20 22.

Signature of Incarcerated Plaintiff: _chalin-menihew_

CORRECTIONAL INSTITUTION

ZIP 32025
02 4W
0000379442

[...] CORRECTIONAL INSTITUTION ANNEX
S.E. CORRECTIONS WAY
[LAKE] CITY, FL 32025

CLEARED SECURITY

APR 25 2022
U.S. MARSHALS SERVICE
Atlanta, Georgia

TO:
United States Court of Appeals
for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, GA 30303

LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON 4/21/22 (DATE) FOR MAILING
Staff Initial ___ em ___ I/M Initial

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 28, 2022

Chalin Merrihew
B20636
Columbia Correctional Institution-Annex
216 S.E. Corrections Way
Lake City, FL 32025-2013

**This notice is to acknowledge receipt of your document(s) on ____April 25, 2022____.**

**Your document(s) will be handled as described below:**

☐ This Court's records indicate that you have no open case pending in this Court. No action will be taken on your document(s).

☐ This Court is a federal court of limited jurisdiction. This Court has authority to act only on cases created under the statutes enacted by Congress. In general, only cases which have been first filed, and finally decided, in a United States District Court or Bankruptcy Court within this Circuit (Alabama, Florida, and Georgia), the United States Tax Court, and certain federal agencies may be appealed to this Court. This Court does not have authority to act in appeals from state and county courts. No action will be taken on your document(s).

☐ Your document(s) appear(s) to have been intended for a different court. No action will be taken on your document(s).

☐ You requested a specific form. The Court does not offer a form related to your request. No action will be taken on your document(s).

☐ Your request for an extension of time to file a notice of appeal will be submitted to the district court. No action will be taken in this Court on your document(s).

☐ Except as noted above, this Court does not act on requests for an extension of time submitted without an existing case or appeal. No action will be taken on your document(s).

☐ The Clerk's Office is unable to discern the purpose of your document(s) and/or your document(s) do(es) not appear to have been intended for this Court. Please provide clarification; otherwise, no action will be taken on your document(s).

☐ An appeal from a district court to a court of appeals may be taken only by filing a notice of appeal <u>with the district court</u> within the time allowed by FRAP 4. *See* FRAP 3. You mistakenly filed a notice of appeal with this Court. (Please note, that under 11th Cir. R. 22-1(a), this Court will construe a party's filing of an application for a certificate of appealability, or other document indicating an intent to appeal, as the filing of a notice of appeal.) Under FRAP 4(d), the notice of appeal will be sent to the district court.

☒ The Clerk's Office is unable to discern whether your document(s) may be or may serve as a notice of appeal. Out of an abundance of caution, your document(s) will be sent to the district court under FRAP 4(d) to be processed as the district court deems appropriate. No action will be taken in this Court on your document(s).

☐ An application for a writ of habeas corpus must be made to the appropriate district court. Under FRAP 22(a), the application will be transferred to the district court.

☐ The Clerk's Office is unable to provide you with legal advice. No action will be taken on your document(s).

☒ Other:

Your "Civil Rights Complaint Form..." is being forwarded to the U.S. District Court for disposition in case no. 2:22-cv-14091-AMC, Merrihew v. Roodhof, et al.

Rev. 4/21   EKG